IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Deborah Kay Egolf, ) | |
| ) | CA No. 6:10-2430 -TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Deborah K. Egolf (Egolf), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Social Security Disability Insurance Benefits (DIB) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 20.)[1] The magistrate judge recommends affirming the decision of the Commissioner. The court adopts the recommendation contained in the Report and affirms the decision of the Commissioner.

I.

Egolf filed an application for SSI on August 8, 2007, alleging that she became disabled as

---

[1]   The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

of April 1, 2004.[2] Her application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on July 17, 2009. On August 11, 2009, the ALJ issued a decision denying Egolf's claim.[3] Egolf requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner.

Egolf then filed this action on September 17, 2010. The magistrate judge filed the Report on November 29, 2011, which recommended affirming the Commissioner. (Dkt. No. 23.) In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Egolf timely filed objections to the Report on December 16, 2011. (Dkt. No. 24.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). In its review, the court may not "undertake to re-

---

[2]  Egolf later amended her alleged onset date to March 20, 2006.

[3]  The ALJ found that Egolf had the following severe impairments: rheumatoid arthritis, osteoarthritis, disorders of the cervical spine, fibromyalgia, depression, anxiety, and post-traumatic stress disorder.

weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157–58.

### III.

The magistrate judge filed the Report on November 29, 2011. (Dkt. No. 23.) In the Report, the magistrate judge recommended affirming the decision of the Commissioner. Egolf timely filed objections to the Report on December 16, 2011. (Dkt. No. 24.) Egolf protests the Report with one specific objection: that the magistrate judge mischaracterized her allegations that the ALJ erred by "cherry-picking" certain evidence as an argument about the credibility of her complaints.[4] For the reasons set forth below, the court does not find this objection persuasive.

The Report contains a section titled, "Subjective Complaints," in which the magistrate judge thoroughly discusses allegations made by Egolf and contrasts them with objective medical evidence in the record. In her objections, Egolf argues that this section of the Report does not correspond with the relevant portion of her brief and mischaracterizes this section of her brief,

---

[4] In her objections, Egolf briefly re-lists her reasons from her brief for reversing the ALJ. However, this list does not contain any arguments and does not correspond to any specific portions of the Report. Furthermore, Egolf does not cite any authority in this section. The court does not construe these statements as specific objections to any portions of the Report. As stated above, the court is charged with making a de novo determination of those portions of the Report *to which specific objection is made*. 28 U.S.C. § 636(b)(1). Accordingly, the court adopts those portions of the Report.

which is titled, "The Administrative Law Judge Erred by Considering Only Portions of the Claimant Supplied Evidence and Hearing Testimony Without Giving a Reason for his not Considering All Aspects of Same." The court is persuaded that this objection is essentially an argument over semantics. While the title of the section in the Report could have been more narrowly tailored to respond to the title in the claimant's brief, the substantive portion of that section is responsive to the arguments contained in the brief. In reading the arguments contained in the claimant's brief, it is apparent that the claimant *is* making a credibility argument. The relevant section in the claimant's brief consists entirely of quotes from the record that allegedly contradict evidence cited in the ALJ's decision and the Report. However, as the ALJ and the magistrate judge thoroughly explain, the objective evidence contained in the record, including the most of the remarks in treatment notes, contradict the claimant's subjective complaints, including those remarks cited in the claimant's brief. (Dkt. No. 23 at 6–13, 19–22.) It is the job of the ALJ, not this court, to determine which complaints by the plaintiff are credible. *See Craig v. Apfel*, 76 F.3d 585, 589 (4th Cir. 1996) (ALJ reviewing the case bears the responsibility of making findings of fact and resolving evidentiary conflicts); *id*. at 595 (recognizing that a claimant's subjective statements need not be accepted to the extent that they are inconsistent with the available evidence); *see also White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001) (stating that "a formalistic factor-by-factor recitation of the evidence" is unnecessary as long as the ALJ "sets forth the specific evidence [he] relies on in evaluating the claimant's credibility"); reasons for the finding on credibility, supported by the evidence in the case record"). The claimant is essentially asking the court to read the evidence differently—which is not the role of this court. *See Mastro v. Apfel,* 270 F.3d 171, 176 (4th Cir. 2001) (stating that the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or

substitute [its] judgment for that of" the agency) (citation omitted).

Accordingly, the court holds that the decision of the ALJ is supported by substantial evidence and adopts the Report.

### IV.

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Egolf's impairments, arguments, and functional capacity. The court finds that substantial evidence supports the Commissioner's decision that Egolf was not disabled as defined by the SSA. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that the court must uphold the Commissioner's decision as long as it is supported by substantial evidence.); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"). Accordingly, the court adopts the recommendation of the magistrate judge. For the reasons set forth above, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    Timothy M. Cain
                                                    United States District Judge

Greenville, South Carolina
March 21, 2012